

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

RODOLFO DIAZ, JR., and
CESAR FERNANDEZ-RODRIGUEZ,

Defendants.

---

**PROTECTIVE ORDER**

S1 20 Cr. 43 (GBD)

Upon the application of the United States of America, Geoffrey S. Berman, United States Attorney for the Southern District of New York, Assistant United States Attorney Jacob R. Fiddelman, of counsel, for an order limiting the dissemination of any and all discovery produced in connection with the above-captioned case (the "Discovery"), which contains sensitive information regarding third parties, it is hereby ORDERED that:

1. Discovery shall not be disclosed by the defendants or defense counsel, including any successor counsel ("defense counsel") other than as set forth herein, and shall be used by defense counsel and the defendants solely for the purpose of defending this criminal action.

2. The defendants and defense counsel are precluded from disseminating the disks containing the Discovery, and any and all printouts and/or digital versions of the Discovery (and any copies and/or screenshots) to anyone beyond the defendants, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by the defendants' counsel, independent expert witnesses, investigators, or advisors retained by the defendants' counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by the defendants.

3. The Government has identified certain discovery materials which contain and/or reflect personal information for third parties, the disclosure of which would place those third parties in potential physical danger, which information cannot feasibly be redacted. Any such materials will be marked "CONFIDENTIAL" on an "attorney's eyes only" basis in the index and discovery materials. Any material marked "CONFIDENTIAL" shall not be disclosed by defense counsel other than as set forth herein, and shall be used solely for purposes of defending this action:

   a. Defense counsel shall receive any Discovery that is marked "CONFIDENTIAL" on an "attorney's eyes only" basis, and defense counsel shall not share such materials or the contents of such materials with any other persons, including the defendants, except for any paralegal or staff employed by defense counsel in connection with work related to the defense of this criminal action.

   b. At any time, defense counsel may seek leave from the Government to share materials designated as "CONFIDENTIAL" with the defendants ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendants; (ii) provide defense counsel with a redacted version of the Requested Material that may be shared with the defendants; or (iii) provide defense counsel with an explanation as to why the Requested Material cannot be shared with the defendants at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige defense counsel requests to share Requested Material.

4. The defendants and defense counsel are precluded from using any disks containing the Discovery, and any and all printouts and/or digital versions of the Discovery (or any copies or screenshots) for any purpose other than defending this criminal action.

5. The defendants and defense counsel must destroy or return any material marked "CONFIDENTIAL" (including all copies), at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final.

[Remainder intentionally blank]

6. This Order does not prevent the disclosure of any Discovery in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, any disclosure material marked "CONFIDENTIAL" and produced on an "attorney's eyes only" basis that is pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

Dated: New York, New York
March 9, 2020

GEOFFREY S. BERMAN
United States Attorney
for the Southern District of New York

By: _____
Jacob R. Fiddelman
Assistant United States Attorney

COUNSEL FOR
RODOLFO DIAZ, JR.

By: _____
Clay Kaminsky, Esq.
Federal Defenders of New York, Inc.

COUNSEL FOR
CESAR FERNANDEZ-RODRIGUEZ

By: _____
David Touger, Esq.

SO ORDERED:   MAR 1 2 2020

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTICT JUDGE

4